UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

___

**Michael Reilly,**

**On behalf of themselves and
all others similarly situated**

    **Plaintiffs**

    v.                                     Case No.      18-cv-315

**Century Fence Company**

    **Defendant.**

___

**COMPLAINT**

___

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former employees of Defendant Century Fence Company ("Century Fence"), to seek redress for Century Fence's failure to pay legally required compensation to the Plaintiffs under the FLSA and Wisconsin law.

**JURISDICTION AND VENUE**

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

1

4. This Court has personal jurisdiction over the Defendant because the Defendant performed a substantial amount of work in this district, and a portion of the Plaintiffs' claims arise from the Defendant's performance of work in, and therefore contacts with this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

**THE PARTIES**

6. Plaintiffs are adult residents of the State of Wisconsin who were employed by Century Fence during the time period on or after May 1, 2015; and include both rank and file employees; and workers classified by Century Fence as foremen though they were paid on an hourly rather than a salaried basis. A copy of the FLSA and Wisconsin prevailing wage consents signed by Named Plaintiff Reilly are attached to this Complaint.

7. Defendant Century Fence is a Wisconsin company with a principal place of business located in Pewaukee, Wisconsin. Century Fence performs work throughout and outside the State of Wisconsin, almost exclusively on prevailing wage and Davis-Bacon projects. Century Fence maintains one yard each in the Milwaukee and Eau Claire areas.

8. Century Fence is an employer within the meaning of Wis. Stat. §109.03(1). Century Fence is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, performing work for clients outside the State of Wisconsin, and by purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin. At all relevant times, Century Fence has had annual gross volume of business at or above $1,000,000.

2

# FACTS

9. The Plaintiffs frequently performed work at the company shop, including but not limited to loading trucks, before driving or riding company trucks to the jobsite.

10. The Plaintiffs sometimes worked at more than one jobsite during the same day, so that they had to travel between jobsites.

11. The Defendants did not always count as time worked, and did not always pay the Plaintiffs for their riding time to the jobsite after working at the shop; as well as for their riding time between jobsites during their workdays.

12. Century Fence paid the Plaintiffs at their shop rate for their shop work, at a travel rate for their travel work when it was paid; and paid to the Plaintiffs much higher hourly rates when they worked on prevailing wage and Davis-Bacon Projects.

13. When the Plaintiffs performed both lower rated; and higher rated prevailing wage and Davis-Bacon projects during the same week, Century Fence whenever possible would pay the work with the lowest pay rates at overtime rates though said work occurred during straight time hours; and would pay the work with the highest pay rates at straight time rates though said work occurred during overtime hours worked.

14. Century Fence computed all of the Plaintiffs' overtime pay as 1.5 times the pay rate for the type of work performed, rather than 1.5 times the average wage rate earned by the Plaintiffs during the workweek.

15. On each of their jobsites the Plaintiffs performed similar pavement marking and related work; though they may receive different pay rates for their work depending on the wage rate(s) required by the prevailing wage/Davis-Bacon determinations in effect for the projects.

16.     Century Fence informed its foremen that they would receive a bonus if there was sufficient profitability on the projects that they were involved with; so that the bonuses were promised to the foremen to encourage them to complete their projects in a more efficient manner; and so that the foremen expected to receive these bonuses regularly.

17.     Century Fence did not include the paid bonuses when computing the foremen's regular rate for their overtime pay.

18.     When the Plaintiffs performed work on prevailing wage/Davis-Bacon projects, Century Fence would make hourly 401(k) contributions for the Plaintiffs in an amount equal to the difference between the full hourly wage required by the rate determination for the project, and the total value of cash and other fringe benefits received by the employee.

19.     The Plaintiffs therefore may receive thousands of dollars of 401(k) contributions or $0 in 401(k) contributions during a given quarter, depending on the amount of prevailing wage work performed during the quarter, as well as the differential between the full prevailing wage, and their cash and other fringe benefits received for prevailing wage work performed.

20.     Century Fence made 401(k) contributions to its employees' accounts, but only when they worked on prevailing wage projects, for the purpose of offsetting its liability for employment taxes and overtime pay, rather than to systematically provide for the retirement of its employees.

21.     Upon information and belief, prevailing wage 401(k) contributions that Century Fence made to its employees' accounts are not 100% vested immediately.

22.     When the Plaintiffs' performed work on Wisconsin prevailing wage projects, Century Fence computed the per hour 401(k) contribution credit by dividing the amount of the

4

contribution for each trade and project by the number of hours worked by the employee in that trade and project, rather than by dividing the total amount of 401(k) contributions made on all projects during the week by 40 hours.

23. When the Plaintiffs performed work on Wisconsin prevailing wage projects, Century Fence computed the per hour health insurance contribution by dividing its yearly contribution by 1,000 hours rather than 2,080 hours; so that work performed during the first 1,000 hours fund a disproportionate portion of the health insurance benefit provided to its employees.

## COLLECTIVE ACTION ALLEGATIONS

24. Named Plaintiff brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated Plaintiffs who was not paid the correct amount of overtime pay because of Century Fence's uniform policies of (1) failing to always count their time spent riding to the jobsite after working in the shop, and riding between jobsites during the workday, as time worked; (2) Failing to pay at overtime rates all of the Plaintiffs' hours worked after they had worked 40 hours during the workweek; (3) failing to pay the Plaintiffs' overtime hours worked at their regular rates; (4) failing to include foremen's bonuses when computing the Plaintiffs' regular rate for overtime pay; and (5) Failing to count prevailing wage 401(k) contributions when computing the Plaintiffs' regular rate for overtime pay.

25. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

26. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Century Fence; and were deprived of overtime pay as a result of Century Fence's uniform application of its policies concerning determining its employees' hours worked and computing their overtime pay.

## CLASS ALLEGATIONS

27. Named Plaintiffs seek to represent a class of all employees of Century Fence who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees of Century Fence based in the Milwaukee area; as well as all hourly employees of Century Fence who do not have class A commercial drivers' licenses and are based in the Eau Claire area, who worked for Century Fence on a jobsite on or after May 1, 2016.

28. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, Century Fence employs twenty or more potential members of the class at any one time. Class members who are former employees of Century Fence are widely scattered, thus making joinder even more impractical.

29. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether the Plaintiffs' travel time after performing loading work; and traveling between jobsites must be counted as hours worked, and must be separately paid with straight time pay under Wisconsin law;

(b). Whether under Wisconsin law the employer must pay overtime pay to its employees for those hours worked after 40 during the workweek;

(c). Whether under Wisconsin law overtime pay must be computed using the employee's regular rate, i.e. the average straight time wage rate earned by the employee during the workweek;

(d). Whether the same definition of the "regular rate" applies under both the FLSA and Wisconsin law;

(e). The appropriate remedy for the application of Century Fence's uniform policies that violated Wisconsin law.

30. Named Plaintiffs' claims are typical of those of the Wisconsin Unpaid Wage Class. Named Plaintiffs, like other Wisconsin Unpaid Wage Class members, were deprived of straight and overtime pay as a result of Century Fence's application of its uniform policies that undercounted their hours worked, and paid overtime pay lower than those required by law.

31. Named Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

**Count I.    Overtime Pay Claim Under the Fair Labor Standards Act.**

33. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 32 of the Complaint.

7

34. Century Fence violated the FLSA by failing to count as time worked all hours spent by the Plaintiffs riding to the jobsite after working at the shop; as well as riding between jobsites during the workday.

35. Century Fence violated the FLSA by failing to pay overtime pay to the Plaintiffs for their actual hours worked after they had worked 40 hours during the week.

36. To the extent that the hours worked for which the Plaintiffs received daily overtime pay do not fall within §207(e)(5) through (7) of the FLSA, Century Fence cannot offset its weekly overtime pay liability by such daily compensation paid to the Plaintiffs.

37. Century Fence must compute overtime pay using the regular rate, and cannot use the §207(g)(2) method to compute overtime pay both because it did not always pay overtime pay to the Plaintiffs for their hours worked over 40 per week, and because the Plaintiffs did not perform two or more different kinds of work when they worked on different prevailing wage or Davis-Bacon projects.

38. Because the foremen's bonuses were designed to encourage the Plaintiffs to complete their work projects in a more cost effective manner; and because the foremen's bonuses were promised to create an expectation that the Plaintiffs would receive an annual bonus assuming adequate job performance, Century Fence violated the FLSA when it failed to include the foremen's bonuses when computing the Plaintiffs' regular rate for overtime pay.

39. Similarly, Century Fence was required to count the 401(k) prevailing wage contributions when computing its employees' regular rate for overtime pay.

40. Since Century Fence did not have any, let alone reasonable grounds for believing that it policies of counting hours worked and computing overtime pay were in compliance with

8

the FLSA, the plaintiffs are entitled to 100% liquidated damages for all overtime pay that Century Fence owed to them. The Plaintiffs are also entitled to application of the three year statute of limitations for Century Fence's willful violations of the FLSA.

41.  The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against Century Fence .

**Count II.    Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

42.  Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 41 of the Complaint.

43.  Each of Century Fence's violations of the FLSA, as outlined in paragraphs 34-39 of the Complaint above, also constitute a violation of Wisconsin overtime laws.

44.  Because Wisconsin law requires employers to pay to employees wages for each and every hour they work, the Plaintiffs are entitled to additional straight time wages for each and every hour that Century Fence should have, but failed to count as hours worked.

45.  Pursuant to Wis. Stat. §109.03(5), the Named Plaintiffs are entitled to maintain a lawsuit against Century Fence for all straight time and overtime wages that they are entitled to, but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(b), along with their reasonable attorneys fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

**Count III.    Wisconsin Prevailing Wage Claim.**

46.  Plaintiffs reallege, and incorporate by reference, the allegations contained in paragraphs 1- 45 of the Complaint.

9

47. When the Plaintiffs worked on Wisconsin prevailing wage projects, they are entitled to receive a cash wage for each hour worked equal to the difference between the hourly total package rate for their work classification on the project, and the hourly costs incurred by Century Fence to fund their bona fide fringe benefits.

48. Century Fence failed to pay to the Plaintiffs the prevailing wage cash wage required by law, when it claimed as a credit against the prevailing wage its 401(k) prevailing wage contributions, given that those contributions were not 100% vested immediately, and thus could be reverted to Century Fence.

49. Century Fence additionally violated Wisconsin prevailing wage laws by claiming a 401(k) prevailing wage contribution equal to an amount greater than the amount computed by dividing the total amount of 401(k) prevailing wage contributions by the total number of hours worked during each contribution period.

50. Century Fence additionally violated Wisconsin prevailing wage laws by claiming a health insurance contribution credit equal to an amount greater, than the amount computed by dividing its annual health insurance contribution by 2,080 hours.

51. Century Fence additionally owes to the Plaintiffs prevailing wage overtime pay, for those additional hours that they worked after 10 per day, and 40 per week, after their compensable riding hours are counted as time worked.

52. Century Fence is therefore required to pay to the Plaintiffs twice the amount of prevailing wages owed to them, plus their attorneys fees and costs of bringing the claim.

53. Pursuant to Wisconsin prevailing wage laws, all plaintiffs who file the appropriate consent with the Court may join in this claim for unpaid prevailing wages.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Century Fence is liable to the plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that Century Fence is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Finds that Century Fence is liable to the Plaintiffs for all prevailing wages owed, plus 100% increased damages, and their attorneys fees and costs arising out of the Wisconsin prevailing wage laws;

4. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 1st day of May, 2018.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308