IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL REILLY, WILLIAM COULMAN,
JASON RAMSDELL, and JASON GRETSCHMAN,
on behalf of themselves and all other similarly situated
persons,

                          Plaintiffs,

     v.

CENTURY FENCE COMPANY,

                          Defendant.

OPINION and ORDER

18-cv-315-jdp

---

       Plaintiffs are suing Century Fence Company for unpaid wages under various federal and state laws. In two summary judgment opinions, the court resolved liability on many claims, some in plaintiffs' favor and some in Century Fence's favor. Dkt. 139 and Dkt. 162. Plaintiffs now move for reconsideration of the court's decision granting summary judgment to Century Fence on plaintiffs' claims that Century Fence incorrectly calculated the overtime rate on projects governed by the Davis-Bacon Act and on Wisconsin prevailing-wage projects. Dkt. 163. For the reasons explained below, the court will deny the motion.

ANALYSIS

**A. Davis-Bacon Act**

       The Davis-Bacon Act (DBA) requires employers to pay a "prevailing wage" on certain construction contracts between an employer and the federal government. 40 U.S.C. § 3142. The parties agree that the DBA doesn't include a private right of action for employees but that an employee may sue under the FLSA to enforce the DBA's overtime provision. Dkt. 162, at 4.

Plaintiffs contend that Century Fence violated the DBA by excluding cash fringe payments from the regular rate of pay when calculating the overtime rate. Century Fence sought summary judgment on two grounds: (1) it was allowed under the DBA to exclude cash fringe payments from the overtime rate; and (2) even if it violated the DBA, it reasonably relied on guidance published by the Department of Labor. The court determined that Century Fence was entitled to summary judgment on the first ground, so it didn't need to consider the second. Dkt. 162, at 3–10.

Plaintiffs move for reconsideration of that decision on three grounds: (1) the court improperly placed on plaintiffs the burden of proving that Century Fence didn't meet the statutory requirements for excluding cash fringe payments from the overtime rate; (2) Century Fence didn't move for summary judgment on the ground relied on by the court, so plaintiffs weren't required to present evidence related to that ground; and (3) the court misinterpreted the DBA. Plaintiffs' motion raises unsettled legal questions about the scope and application of the DBA, but the court concludes that it isn't necessary to resolve those questions because Century Fence is entitled to summary judgment on its other asserted ground.

Century Fence's alternative ground for summary judgment on this claim rests on 29 U.S.C. § 259:

> (a) [N]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged.

2

> (b) The agency referred to in subsection (a) shall be—
>
> > (1) in the case of the Fair Labor Standards Act of 1938, as amended—the Administrator of the Wage and Hour Division of the Department of Labor;
> >
> > (2) in the case of the Walsh-Healey Act—the Secretary of Labor, or any Federal officer utilized by him in the administration of such Act; and
> >
> > (3) in the case of the Bacon-Davis Act—the Secretary of Labor.

Distilled, § 259 has two requirements: (1) the defendant relied in good faith on guidance of the relevant agency; and (2) the defendant's conduct was in conformity with that guidance.

Century Fence says that it is entitled to the good-faith defense because it relied on *U.S. Department of Labor Prevailing Wage Resource Book,* a publication it receives from the department for each DBA project it is awarded. Dkt. 155, ¶ 19.[1] It cites specifically to a chapter called "Overtime Pay on DBA/DBRA Contracts." Dkt. 155-2. ("DBRA" stands for "Davis-Bacon and Related Acts.") That chapter includes the following guidance:

> Under DBA/DBRA, amounts paid to fulfill the fringe benefit portion of the prevailing wages listed in the wage determination – including both contractor contributions to bona fide benefit plans and cash payments made to comply with the fringe benefit portion of the prevailing wage requirement—are excluded in computing overtime obligations under [the Contract Work Hours and Safety Standards Act.]

*Id.* at 3. Century Fence's vice president of operations avers that the company relied on the resource book in deciding not to include cash fringe in the overtime rate. Dkt. 155, ¶ 20.

---

[1] Century Fence also says that it relied on the "Department of Labor website," Dkt. 155, ¶¶ 21–22, but it doesn't identify any specific information on that website, so the court can't consider it.

Plaintiffs object to Century Fence's good-faith defense, contending that Century Fence's answer failed to provide adequate notice of the defense by failing to identify the guidance it relied on. The standard for pleading an affirmative defense is unsettled in this circuit, *see Oregon Potato Co. v. Kerry Inc.*, No. 20-cv-92-jdp, 2020 WL 4586401, at *2 (W.D. Wis. Aug. 10, 2020), but even if the court assumes that Century Fence's answer should have provided more detail about its defense, that is a pleading defect that plaintiffs should have raised soon after Century Fence filed its answer. *See Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 45–46 (1st Cir. 2012) (pleading defects should be raised before parties engage in substantial discovery). Plaintiffs' objection is essentially a motion to strike the defense under Federal Rule of Civil Procedure 12(f), which must be brought within 21 days of the challenged pleading. Plaintiffs may not reserve an objection until it is too late for Century Fence to cure the alleged defect. So the court concludes that plaintiffs forfeited their objection of inadequate notice.

Moving on to the merits of the defense, plaintiffs don't dispute that Century Fence relied on the resource book, and they don't dispute that the resource book qualifies as a "written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section." But they contend that Century Fence can't prove its § 259 defense because the resource book "does not address whether cash in lieu of fringe benefits must be included when computing FLSA overtime pay." Dkt. 159, at 18. Instead, plaintiffs say that the book is about calculating overtime under the Contract Work Hours and Safety Standards Act. Plaintiffs cite *Perry v. Randstad Gen. Partner (US) LLC*, which held that an employer doesn't act in conformity with agency guidance unless the guidance "provide[s] a clear answer to the particular situation." 876 F.3d 191, 214 (6th Cir. 2017) (internal quotation marks omitted).

4

The guidance Century Fence relied on is sufficiently clear to satisfy the *Perry* standard. Plaintiffs are correct that the resource book refers to DBA projects in the context of the Contract Work Hours and Safety Standards Act rather than the FLSA. But plaintiffs don't explain why that matters. Like the FLSA, the Safety Standards Act requires employers to pay eligible employees at least one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in the workweek. 40 U.S.C. § 3702 and 29 U.S.C. § 207(a)(2)(C). But as the parties acknowledged in their summary judgment briefing, the DBA's method for determining the overtime rate applies to claims under "any federal law" when the employee worked on a DBA project. *See* 40 U.S.C. § 3142(e); Dkt. 139, at 7. So regardless whether an employee working on a DBA project is suing under the FLSA or the Safety Standards Act, the question whether the employer must include cash fringe in the overtime rate is governed by the DBA. Plaintiffs don't challenge that understanding, and they don't contend that an employer would calculate overtime on a DBA project differently under the FLSA and the Safety Standards Act.

The resource book states that the DBA allows an employer to exclude cash fringe payments when computing overtime. So Century Fence is entitled to the defense under § 259, and the court will deny plaintiffs' motion for reconsideration on this claim.[2]

---

[2] Plaintiffs also say that Century Fence isn't entitled to the defense because it failed to comply with one of the examples in the resource book. Dkt. 159, at 21–22. Plaintiffs don't clearly explain this contention, but it appears to be premised on a view that the example required Century Fence to calculate the overtime rate on DBA projects using a regular rate that equaled or exceeded the combined base pay rate and cash fringe rate on nonprevailing wage projects. But the cited example doesn't say that, and plaintiffs cite no authority for it, so this argument is forfeited.

**B.  Wisconsin prevailing-wage projects**

The court concluded in its most recent summary judgment decision that the Wisconsin prevailing-wage laws, Wis. Stat. §§ 103.49 and 103.50 and Wis. Admin. Code § 290.05, did not require Century Fence to include cash fringe payments in the overtime rate on Wisconsin prevailing-wage projects.[3] Plaintiffs contend in their motion for reconsideration that § 103.50 is preempted by the FLSA under 29 U.S.C. § 218(a) if it allows employers to exclude cash fringe from the overtime rate.[4]

Plaintiffs didn't make a preemption argument about § 103.50, § 103.49, or § DWD 290.05 in either of their summary judgment motions. "It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Plaintiffs did make a preemption argument, but it was limited to § DWD 103.02 and § DWD 274.03, which the

---

[3] As noted in earlier opinions, these laws were repealed in 2017, but plaintiffs' claim is based on the period before the repeal. *See* Dkt. 162, at 10.

[4] Section 218(a) provides:

> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter.

6

court concluded did not apply to prevailing-wage projects. Dkt. 162, at 14. So this argument is forfeited.

In any event, plaintiffs' only argument now is that the court should *avoid* potential preemption by construing § 103.50 to require employers to include cash fringe payments in the overtime rate. But the court has already concluded that § 103.50 doesn't support plaintiffs' proposed reading, and plaintiffs don't explain why the court's construction of the statute was incorrect. Further, plaintiffs cite no instructive case law to support their preemption argument, and they don't contend that the effect of preemption would be to convert § 103.50 into a cause of action identical to the FLSA, rather than simply rendering the state law unenforceable.

The court will deny plaintiffs' motion for reconsideration.

## C.  Requirements for trial

This case will proceed to trial to decide liability on all the claims not resolved in either of the summary judgment decisions and on damages for the claims that the court resolved in plaintiffs' favor. The case is currently scheduled as a jury trial, which doesn't usually require trial briefs. But the parties have struggled throughout the proceedings to clearly articulate their claims and defenses, so trial briefs may help to clarify the issues and prevent any unfair surprises. Those briefs should contain the following information: (1) a clear and concise summary of all the remaining claims and defenses that need to be resolved at trial; (2) an explanation of each issue that the jury will have to decide to resolve those claims; (3) a summary of the damages issues that need to be resolved, along with an outline of the evidence that the parties wish to present on those issues.

The parties should also prepare their proposed jury instructions and verdict forms as complementary documents. This means that it should be clear from the language of each

proposed substantive instruction how that instruction relates to a particular question on the verdict form. For example, a proposed substantive instruction may begin with a prefatory sentence that directly ties the instruction to the verdict: "Question 1 asks whether . . . . To succeed on this claim, plaintiff must show that . . . ." The parties should not simply propose pattern instructions that may or may not apply to this case. If it isn't clear from the party's submission how a particular proposed instruction relates to the issues that the jury must decide, the court won't include that instruction.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for reconsideration, Dkt. 163, is DENIED.

2. The parties are directed to file trial briefs as described in this order with their motions in limine and other pretrial submissions.

Entered July 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge